UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
LISA FRATI, JAMES FRATI,      )
JACK KARP, and DESPENA A.     )
NIGRO,                        )
                              )
           Plaintiffs         )
v.                            ) CIVIL ACTION NO.  10-11055-PBS
                              )
JOSEPH GENNACO,               )
           Defendant.         )
_____)
```

**MEMORANDUM AND ORDER**

January 24, 2011

SARIS, U.S.D.J.

In these consolidated cases, Lisa and James Frati, Jack Karp, and Despena A. Nigro appeal the decision of the bankruptcy court, which dismissed their adversary complaints against debtor Joseph Gennaco on the grounds that the complaints were not timely filed within the period prescribed by Federal Rule of Bankruptcy Procedure 4004(a) ("Rule 4004(a)"). After hearing, the Court **AFFIRMS** the order of the bankruptcy judge.

## I. FACTUAL BACKGROUND

The appellee, Joseph Gennaco, was in the business of selling financial packages based on death benefit life insurance policies. The appellants were among several investors who purchased Gennaco's financial packages. The investment, however,

went awry, and Gennaco was unable to pay his investors' claims. As a result, the appellants have asserted fraud and conversion claims against Gennaco.

After an unsuccessful attempt at a Chapter 11 reorganization plan, Gennaco's case was converted into a Chapter 7 proceeding on October 27, 2009. The bankruptcy court appointed David Madoff as Trustee in the Chapter 7 proceedings.[1] On October 29, 2009, an amended "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines" was issued by the bankruptcy court. In that notice, the court scheduled a Section 341 creditors' meeting on December 1, 2009 and advised creditors that the deadline to file a complaint objecting to discharge or to determine the dischargeability of debts was February 1, 2010. It is uncontested that this notice was served upon the appellants' counsel, Sheri Murray.

Although appellants' counsel attended the scheduled Section 341 creditors' meeting on December 1, 2009, the proceedings were continued to a later date in order to provide the debtor with more time to produce documents. The issue here involves one particular continued session of the Section 341 creditors' meeting, held on January 11, 2010. At the meeting, the Trustee requested various documents and financial information from Gennaco. Because Gennaco did not have these records, the Trustee

---

[1] David Madoff also served as the Trustee in the attempted Chapter 11 proceedings in 2008.

once again continued the Section 341 meeting to March 10, 2010. According to the appellants, at that meeting the Trustee notified the creditors, including the appellants' counsel, that he would file a motion to extend the time to object to discharge. The appellants' counsel claims that when making this statement, the Trustee communicated that this motion would apply to all creditors, and that the new deadline to file a complaint objecting to discharge would be March 11, 2010 - the day after the Section 341 meeting.[2]

At the time of the January 11, 2010 creditors' meeting, the Trustee had already moved to extend the deadline to object. On December 22, 2009 the Trustee filed the "Trustee's Motion for Extension of Deadline to Object to Discharge." (See Designation of Record on Appeal, Ex. O.) The motion "move[d] pursuant to Fed. R. Bankr. P. 4004(b) for an extension of time to March 11, 2010 for the Trustee to object to the Debtor's discharge." (Id. (emphasis added).) As grounds for his motion, the Trustee explained that he had "not conducted a Section 341 meeting to date." (Id.) On December 23, 2009 the motion was granted by the bankruptcy court. The Trustee did file a second motion to extend

---

[2] The January 11, 2010 meeting was recorded; however, the recording did not take and the tape for that meeting is blank. The only evidence to support the statements made at the January 11, 2010 meeting is the signed affidavit of Sherri Murray, counsel for the appellants. There is a motion pending as to whether this affidavit may come in as evidence to the Court, as it was not assembled as part of the record on appeal.

the deadline on March 10, 2010, which extended the deadline to May 11, 2010 for the Trustee.

On March 11, 2010, nearly six weeks after the February 1, 2010 deadline, the appellants filed adversary complaints against Gennaco claiming non-dischargeability under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).  On April 8, 2010 the appellee filed a motion to dismiss the appellants' adversary complaints, arguing that the complaints were not timely filed.  After a hearing, the bankruptcy court granted the motions to dismiss on April 27, 2010, finding that the motion for extension applied only to the Trustee.  The appellants appeal the decision of the bankruptcy court to dismiss the adversary complaints, contending that the motion of the Trustee to extend the deadline to March 11, 2010 should have been applied to all creditors, thereby rendering the complaints timely.

## II.  STANDARD OF REVIEW

This Court reviews the bankruptcy court's judgment "in the same manner in which a [Court of Appeals] review[s] lower court proceedings."  In re Watman, 331 B.R. 502, 507 (D. Mass. 2005) (citing In re DN Assocs., 3 F.3d 512, 515 (1st Cir. 1993)). Applications of law are reviewed de novo and are set aside only when they are made in error or constitute an 'abuse of discretion.'"  In re DN Assocs., 3 F.3d at 515 (citations omitted).  As such, this Court reviews the bankruptcy court's

decision to dismiss a Chapter 7 adversary complaint for abuse of discretion.  Id.

### III.  DISCUSSION

Plaintiffs argue that the bankruptcy court erred in finding that the Trustee's motion to extend applied only to the Trustee.

Under Rule 4004(a), a complaint objecting to discharge must be filed "no later than 60 days after the first date set for the meeting of creditors under [Section] 341(a)."  Fed. R. Bankr. P. 4004(a).  The bankruptcy court, for cause, may extend the time for filing a complaint, "[o]n motion of a party in interest." Id.  As a party in interest, the Trustee may also move for an extension of time under this Rule.  There is a circuit split as to whether the Trustee has the power to move for an extension of time with respect to all creditors in the case.  The Fourth Circuit has held that the Trustee does not have standing under Rule 4007(c) to make such a motion.  In re Farmer, 786 F.2d 618, 621 (4th Cir. 1986).  The Sixth Circuit has found that the Trustee may make such a motion.  See In re Brady, 101 F.3d 1165, 1170 (6th Cir. 1996).  The Court assumes, only for purposes of this analysis, that the Trustee did have standing to request an extension of time.

As a general rule, a motion to extend, if granted, only applies to the moving party; and this general rule also holds when the Trustee is the party moving for an extension.  Fed. R.

Bankr. P. 4004(b); see also In re Tatum, 60 B.R. 335, 338 (Bankr. D. Colo. 1986) (citing In re Ortman, 51 B.R. 7, 8 (Bankr. D. Ind. 1984)); Fed. R. Bankr. P. 4004 advisory committee's note ("An extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension.").

In jurisdictions allowing the Trustee to move for an extension of time on behalf of all creditors, an issue arises when the Trustee wishes to move only on his own behalf, but the creditors mistakenly believe that the extension also applies to them. Under these circumstances, courts have allowed the motion to extend filed by one party (usually the trustee) to apply to other creditors in the case, despite the fact that the court did not so intend, only if the order of the court granting the extension is misleading. See In re Demos, 57 F.3d 1037, 1039 (11th Cir. 1995). This stems from the proposition that the litigants should be permitted to reasonably rely on the information directly provided by the court. Id. at 1039.

In Demos, the court found that an order granting a motion to extend brought by the Trustee should extend to all creditors. This holding was based on the "sloppy" wording of the order. Id. The trustee's motion in Demos stated that "there [were] numerous interested parties and attorneys who [wished] to attend the . . . Examination of the Debtor . . . [and] [t]hat due to the large

<u>number of creditors</u> involved in [the] bankruptcy proceeding, the Debtor's attorney and the Trustee have no objection to the . . . extension." Id. at 1039-40 (emphasis in original). The order extended the deadline for filing "Complaints to Determine Dischargeability and Objecting to Discharge." Id. Furthermore, the order made no mention of Bankruptcy Rule 4004, and thus, according to the Eleventh Circuit, appeared to be granting an extension through the court's general equitable powers under Section 105 of the Bankruptcy Code. Id.; see 11 U.S.C. § 105 (giving the court the power to "issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" and to "sua sponte, [take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or prevent an abuse of process"). Given these facts, the Eleventh Circuit found that the creditor's reliance on the order was reasonable, and that the bankruptcy court "should have exercised its equitable powers under Section 105 to allow [the] complaint to stand." Id. at 1040; see also In re Watkins, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007) (finding that the bankruptcy court's order "that the time to file objection to discharge or dischargeability is extended until further order of Court" could have been construed by creditors to apply universally).

When the language of the order is unambiguous, however,

-7-

courts have found that motions for extensions of time only apply as to the moving party. See, e.g., Matter of Ichinose, 946 F.2d 1169, 1176 (5th Cir. 1991) ("Such a general extension . . . would have to be evident on the face of the order granting it, or, if part of a practice of the bankruptcy court, would have to be reduced to writing, presumably in the form of a rule."); In re Avalos, 361 B.R. 129, 130 n.2 (Bankr. S.D. Tex. 2007) (finding that, because the trustee explicitly filed only on his own behalf, the order did not provide a general extension); In re Kneis, 2009 WL 1750101, at *3 (Bankr. D.N.J. June 15, 2009) ("In cases where courts have found that an order provides a general extension to all creditors, the surrounding circumstances provided notice to the court and the debtor that a general extension was requested, demonstrated that cause existed for a general extension, and the subsequent order indicated that a general extension was granted.").

In the case at hand, the Trustee moved "pursuant to Rule 4004(b) for an extension of time to March 11, 2010 for the Trustee to object to the Debtor's discharge" (emphasis added). This motion was granted by the court on December 23, 2009. The language of the motion makes it clear that the Trustee did not intend to request an extension for any other creditor. Moreover, unlike in Demos, this motion explicitly referred to Rule 4004(b). It appears that the bankruptcy court merely granted the Trustee's

motion without entering an order.  Accordingly, there was no over-broad or misleading language upon which appellants could have reasonably relied.  Thus, the bankruptcy court's interpretation of the pre-existing motion for an extension of time as limited to the Trustee did not constitute an abuse of discretion.

Counsel does not state that she relied on this earlier motion, but rather on a statement made by the Trustee at the January 11, 2010 meeting suggesting that he would file a motion for an extension of time.  By that time, however, the Trustee had already filed his own motion for an extension on December 22, 2009, and he did not file another motion until after appellants' deadline had passed.  Even if the Trustee made this statement (which is unlikely, since the Trustee had already obtained an extension for himself), appellants' counsel could not reasonably rely on a statement at a January 11, 2010 meeting that was not followed by the filing of a motion.  The Court finds that the bankruptcy judge's order of dismissal was not an abuse of discretion.  Most likely, this lapse arose from an unfortunate misunderstanding by counsel of something the Trustee said.

The time limit under Rule 4004(a) is strictly construed.  <u>In re Forness</u>, 334 B.R. 724, 728 (Bankr. M.D. Fla. 2005).  Although the Supreme Court has held that Rule 4004 is not jurisdictional, <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455-56 (2004), the appellate courts have divided on the question of whether Rule 4004 allows

equitable exceptions.  Compare In re Kontrick, 295 F.3d 724, 733 (7th Cir. 2002) and In re Benedict, 90 F.3d 50, 54 (2d Cir. 1996) with In re Alton, 837 F.2d 457, 459 (11th Cir. 1988) (per curiam) and Neely v. Murchison, 815 F.2d 345, 346-47 (5th Cir. 1987).  If the facts as they allege them are true, appellants have lost significant amounts of money as a result of the debtor's actions.  While the Court notes that some equitable relief may have been available to appellants at the bankruptcy court, they did not specifically request equitable relief and the issue was not briefed before this Court or the bankruptcy court.  (See Designation of Record on Appeal, Ex. C (Compl. to Determine Dischargeability of Debt); see also Appellants' Br.)  Accordingly, the Court has no basis on which to award any equitable relief.

## IV.  ORDER

The order of dismissal is affirmed.


    /s/ PATTI B. SARIS
    PATTI B. SARIS
    UNITED STATES DISTRICT JUDGE